UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

MICHAEL GARRETT,

                              Plaintiff,                  **ORDER**
                                                                       15-CV-6951 (MKB) (JO)
              v.

ROBERT H. PARKER, ESQ., the estate of
ROBERT H. PARKER, ESQ., JOHN DOE and
JOHN DOE INSURANCE CO.,

                              Defendants.

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

       Plaintiff Michael Garrett, proceeding *pro se*, commenced this action on December 2, 2015, alleging several severe breaches of attorney-client representation agreements by his attorney, Robert H. Parker ("Parker"), in an unrelated civil suit.[1] (Compl., Docket Entry No. 1.) Plaintiff alleged that he had retained Parker as counsel in a case against the City of New York, and that Parker repeatedly refused to disclose to him the status of that case, settled the case without Plaintiff's authority, cashed the settlement proceeds for his own use and attempted to bribe and then blackmail Plaintiff not to report his actions. (Compl. 1–3.)

       Plaintiff died on February 28, 2016, as noted on the record of another case in this district to which he was party. *See* Order Granting Mot. to Vacate as to Michael Garrett, *United States v. Rivera*, 13-CR-149, No. 13-CR-149 (E.D.N.Y. Mar. 21, 2016), Docket Entry No. 512. Based on this suggestion of death on the record, Magistrate Judge James Orenstein directed Plaintiff's

---

[1] Plaintiff also filed suit against Parker's estate, a John Doe financier, and a John Doe insurance company, whom Plaintiff alleged were involved in withholding Plaintiff's settlement proceeds from an unrelated civil suit.

successor or representative to file a motion for substitution in this action before September 14, 2016, in order to continue the suit. *See* Order dated June 16, 2016. Judge Orenstein's order was mailed to Plaintiff's mother. No motion was filed.

By Report and Recommendation dated September 15, 2016 (the "R&R"), Judge Orenstein recommended that the Court dismiss Plaintiff's claims pursuant to Rule 25 of the Federal Rules of Civil Procedure, which requires that when a party's death is suggested on the record, a proper party be substituted for the decedent "within 90 days after service of a statement noting the death." (R&R 1, Docket Entry No. 7 (citing Fed. R. Civ. P. 25(a)(1))); *see also Kaplan v. Lehrer*, 173 F. App'x 934, 935–36 (2d Cir. 2006) (affirming the dismissal of the plaintiff's claims for failure to substitute a proper party after his death). No party or proper substitute has opposed the R&R.

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) (quoting *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997)); *see also Almonte v. Suffolk Cty.*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate

review of a decision in a magistrate judge's report and recommendation if the party fails to file timely objections designating the particular issue." (citations omitted)).

The Court has reviewed the unopposed R&R and, finding no clear error, the Court adopts Judge Orenstein's R&R in its entirety pursuant to 28 U.S.C. § 636(b)(1). This action is dismissed without prejudice for failure to timely substitute a decedent pursuant to Rule 25 of the Federal Rules of Civil Procedure. The Clerk of Court is directed to close this case.

SO ORDERED:

     s/ MKB     
MARGO K. BRODIE
United States District Judge

Dated: January 24, 2017
      Brooklyn, New York